Virginia **MELENDEZ**, Appellant,

v.

**Dr. A.W. BEAL, St. Elizabeth Hospital of Houston, Texas, Paula Penn and Rose Mary Simmons, Appellees.**

No. 01–84–00379–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 1984.

Rehearing Denied Jan. 24, 1985.

David Heller, Stolaroff & Heller, Houston, for appellant.

Douglas E. Markham, Butler, Binion, Rice, Cook & Knapp, Jerry R. Bonney, Houston, for appellees.

Before EVANS, C.J., and DOYLE and BULLOCK, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a summary judgment against appellant in a medical malpractice case. Appellees based their motion for summary judgment on the medical malpractice limitation defense in Tex.Rev. Civ.Stat.Ann. art. 4590i, sec. 10.01 (Vernon Supp.1984).

Appellant Melendez entered St. Elizabeth Hospital in May 1968 for appellee Dr. Beal to surgically remove her gall bladder. Appellees Paula Penn and Rose Mary Simmons were nurses who assisted in the surgery.

Appellant had no further problems until May 1981, when she began to experience a pulling sensation and pain in her abdominal area. She was admitted to Ben Taub Hospital in July for tests. The results revealed a retained sponge and an abscess under the liver. Surgery to remove the sponge showed the abscess to be secondary to the retained sponge and that the abscess had

eroded into the small intestine. This erosion necessitated extensive surgical repairs in the intestinal tract. Plaintiff had no surgical operations between her 1968 gall bladder removal and the 1981 surgery to remove the retained sponge.

Appellant filed suit against appellees in August 1982. St. Elizabeth Hospital moved for summary judgment, which was granted on April 18, 1983. Paula Penn and Rose Mary Simmons moved for summary judgment, which was granted on April 9, 1984. Appellee Dr. Beal filed a motion for summary judgment in March 1984 on the ground that the filing of suit 14 years after the alleged negligent acts was barred by the statute of limitations. Appellant filed a response to the motion for summary judgment challenging application of the limitations and alleging that the appellees had no liability insurance coverage. The response was also supported with appellant's affidavit establishing her discovery of the malpractice in 1981. Summary judgment in favor of Dr. Beal was granted on April 16, 1984.

Of the eight points of error filed, two through seven complain that summary judgment was improper because art. 4590i on its face and/or as applied herein violates various provisions of the Texas Constitution and the United States Constitution. Because of a recent Texas Supreme Court decision, we need only consider point of error four, which alleges a violation of Article I, section 13 of the Texas Constitution. There is no need to consider the other constitutional grounds, because article I, section 13 of the Texas Constitution provides additional rights for the citizens of Texas. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983).

The limitation in the Medical Liability and Insurance Improvement Act of Texas states:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment is completed;
. . .

Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 10.01 (Vernon Supp.1984).

Article I, section 13 of the Texas Constitution is the "open courts" provision, which provides in part: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

Appellant argues that the limitation in article 4590i closes the courts to an injured party who has a complaint concerning an act of medical malpractice. Appellant contends that the "occurrence" in article 4590i, if applied on its face, bars her cause of action before she knew it existed.

The Supreme Court recently decided a case of medical malpractice in which the predecessor of article 4590i, sec. 10.01 was challenged on the "open courts" constitutional ground. *Nelson v. Krusen*, 678 S.W.2d 918 (1984).

In *Nelson*, parents brought a wrongful birth suit against a doctor, alleging that the doctor negligently advised them that the mother was not a genetic carrier of Duchenne muscular dystrophy. The trial court rendered summary judgment for the doctor on the grounds that the statute of limitations, art. 5.82, sec. 4 of the Texas Insurance Code, barred the parents' claim. This statute has been repealed and essentially the same provisions are now contained in article 4590i, the limitations being challenged in the instant case. For this reason, the rationale used in construing art. 5.82, sec. 4 should also be applied to the construction of art. 4590i, sec. 10.01.

The Court, in *Nelson*, reasoned that "the legislature has no power to make a remedy by due course of law contingent on an impossible condition." *Id.* at 921. The Court had previously found that legislative action that withdraws common law remedies for well established common law causes of action for injuries to one's "lands, goods, person or reputation" cannot be sustained if the action is arbitrary or unreasonable. *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951, 955 (1955).

The Court recently applied the same reasoning in holding that the limitations provision of the Insurance Code unreasonably and arbitrarily denied a minor an established common law cause of action for malpractice. *Sax v. Votteler*, 648 S.W.2d 661, 667 (Tex.1983).

In *Nelson*, the Court extended the *Sax* holding to cover any person whose injuries are not immediately discoverable. The Court specifically held that the limitations provision of the Insurance Code "is unconstitutional, under the open courts provision, to the extent it purports to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit." *Nelson*, 678 S.W.2d at 923. The rationale behind this holding is that a person whose injuries are not immediately discoverable is no more able to sue during the period of undiscoverability than are children during their period of legal disability. *Id.* at 923.

Appellant Melendez had no way of discovering the negligent act within two years from the date of the medical treatment. She was asymptomatic for 13 years following the subject medical treatment. She had no surgical procedures performed during this period, so there was no possibility of negligence on the part of another surgeon. Approximately six weeks after she first experienced pain, she discovered that the pain was due to the retained sponge. Approximately one year later, she filed suit for malpractice.

In *Sax*, the Court held that "the right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right to redress." *Sax*, 648 S.W.2d at 665. The court adopted a two-step analysis which we must follow. First, we find that appellant Melendez has a common law cause of action for malpractice that was restricted. Second, we must balance the reasonableness of the restriction against the purpose of the statute. The findings and purposes of the Medical Liability and Insurance Improvement Act indicate that the legislature intended to protect health care providers from rapidly increasing insurance rates, but in a manner that would not unduly restrict a claimant's rights any more than necessary to deal with the crisis of increasing rates. Tex. Rev.Civ.Stat. art. 4590i, sec. 1.02 (Vernon Supp.1984).

The limitations provision is unreasonable when applied to appellant Melendez because it denied her a cause of action before she knew, or could have known, she was injured. The provision is not only unreasonable but also arbitrary, because it abolishes a common law cause of action without providing a reasonable alternative. The manner in which the purpose of the statute is achieved is not reasonable and unduly restricts appellant's right, because it effectively abrogates the right to sue before knowing of the right, within the time provided by the statute. Point of error four is sustained.

Point of error one alleges error in granting summary judgment on the ground that article 4590i abolished the discovery rule. The discovery rule was the applicable law at the time of appellant Melendez' surgery. It was first expressed by the Texas Supreme Court in 1967 and provides that:

[T]he cause of action for the negligent leaving of a foreign object in a patient's body by a physician accrues when the patient learns of, or, in the exercise of reasonable care and diligence, should have learned of the presence of such foreign object in his body.

*Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex. 1967).

Since article 4590i was adopted in 1977, numerous cases have held that the limitations in that article is an absolute two-year limitation period. *See, e.g., Littlefield v. Hays*, 609 S.W.2d 627, 629 (Tex.Civ.App.—Amarillo 1980, no writ); *Neagle v. Nelson*, 658 S.W.2d 258, 260 (Tex.App.—Corpus Christi 1983, writ grt'd).

The *Neagle* case compares with the instant case in all particulars and is now

pending before the Texas Supreme Court. Although the Corpus Christi Court of Appeals held that article 4590i abrogated the discovery rule, we disagree. In some situations, an absolute two-year limitation period is justified. It should not be used, however, when the results would be unreasonable, absurd, and unjust. It would be obviously unfair to appellant Melendez for the limitation to begin running on the date of her surgery. To do so would mean that patients would have to either file a lawsuit within two years—an impossibility—or have x-rays and tests done within two years to be sure the doctor had not been negligent.

■ We agree with appellant that the Supreme Court invoked the discovery rule not as an extension of the limitation period but as recognition that the statute of limitations takes away a legal remedy from an injured party before the injury is discovered. *See Hays v. Hall,* 488 S.W.2d 412, 413 (Tex.1972). In situations where there is no showing that the patient knew or could have known of the negligent treatment, the limitation in article 4590i should not be applied. The filing of suit within two years of discovery is timely. Point of error one is sustained.

■ In her final point of error, appellant contends that because of the purpose of the act, the limitations provision applies only to those health care providers carrying liability insurance. The purpose of the act is to establish standards for setting insurance rates for health care providers. It can be concluded, therefore, that the statute abolishes the discovery rule as to insured health care providers but not to those who are uninsured. *See Littlefield, supra.*

■ There is no evidence in the record before us on whether the health care providers carried liability insurance. Whether they did or did not is a question of material fact that appellant raised in her response to the motion for summary judgment. Appellant's final point of error is sustained.

The judgment of the trial court is reversed and the case is remanded.