welfare of the children residing in child-care facilities.

 We have considered all of People's Baptist's remaining arguments: that state licensing and regulation of these homes would violate the Ninth Amendment of the U.S. Constitution; 42 U.S.C. 1983; article I, sections 3a, 6 and 19; article II, section 1; and article III, section 1 of the Texas Constitution. We conclude that the State's regulatory scheme does not violate these provisions. Based on the foregoing holdings, we need not reach the State's third point of error.

These cases have been debated and litigated for a number of years upon the claim that the State seeks to regulate religion. This record and those of the two prior cases show that the issue is a spurious one. The State has manifested complete disinterest in the religious doctrines that People's Baptist has in the past or may in the future expound. The homes can comply with the law's modest requirements that are mandatory for all other homes. A decision to close the homes will be that of People's Baptist, not the State.

We reverse the judgments of the courts below and remand the cause to the trial court with instructions to enjoin People's Baptist from operating these homes unless and until such time as it procures a license from the State.

Willie E. Phillips, Jr., Irvins, John E. Collins, Dallas, for petitioners.

Cantey, Hanger, Gooch, Munn & Collins, Stephen L. Tatum and Rod Patterson, Wynn, Brown, Mack, Renfro & Thompson, Tom Renfro and John F. Gillespie, Fort Worth, for respondents.

PER CURIAM.

This is a medical malpractice suit. On November 1, 1980, Mrs. Bradford discovered a sponge apparently left during surgery in 1975. Suit was filed on October 5, 1981. The trial court rendered summary judgment for defendants, based on art. 5.82, sec. 4 of the Insurance Code. The court of appeals affirmed in an unpublished opinion. Pursuant to Rule 483, we grant the application for writ of error and without hearing oral argument, and in accordance with this court's decision in *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), we reverse and remand this cause to the trial court.

**Ruby BRADFORD and A.L. Bradford, Petitioners,**

v.

**George H. SULLIVAN and Harris Hospital, Respondents.**

No. C–2830.

Supreme Court of Texas.

Jan. 23, 1985.

**Arthur Henry BERGHAHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 125–84.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Rehearing Denied Jan. 30, 1985.