Elizabeth C. DeRUY, Appellant,

v.

Homero R. GARZA, M.D., Appellee.

No. 04–98–00830–CV.

Court of Appeals of Texas,
San Antonio.

May 19, 1999.

Carol P. Lomax, Branton & Hall, P.C., San Antonio, for Appellant.

George G. Brin, San Antonio, Linda C. Breck, Thomas F. Nye, Brin & Brin, P.C., Corpus Christi, for Appellee

Sitting: PHIL HARDBERGER, Chief Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

Elizabeth DeRuy appeals the trial court's granting of summary judgment in favor of Dr. Homero Garza on her medical malpractice claim. In a sole point of error, DeRuy argues that the trial court erred in granting summary judgment upon its finding that her suit was barred by limitations. We reverse and remand.

## I.

DeRuy was referred to Garza, a gastroenterologist, by Dr. Mark Thornton, her primary care physician, on October 10, 1990 for complaints of pain in the abdominal area. In December of 1990, Garza performed an endoscopy and biopsies, and recommended further evaluation of DeRuy's liver functions. In January of 1991, DeRuy was admitted to the hospital, at which time Garza performed two more biopsies. At that time, Thornton made a preliminary diagnosis of biliary cancer and Garza concurred, noting that DeRuy was a patient with probable biliary carcinoma.[1] On January 11, 1991, Garza performed a scope procedure of DeRuy's esophagus and stomach, at which time he recommended stent placement. On January 12, 1991, DeRuy was discharged from the hospital by Thornton with a diagnosis of biliary carcinoma. DeRuy underwent chemotherapy with Dr. Frank Schell beginning in February of 1991.

On June 7, 1994, DeRuy was admitted to emergency room complaining of severe illness and pain. Garza saw DeRuy in the hospital, and recommended that Dr. Joseph Johnson perform an endoscopy. Shortly thereafter, DeRuy underwent gall bladder surgery performed by Dr. Stewart Johnson, who told DeRuy that she had been suffering from gall bladder disease, not biliary cancer. DeRuy filed suit

---

1. However, DeRuy's laboratory results revealed no tumor cells.

against Garza and Thornton on June 7, 1995.

Garza successfully moved for summary judgment on limitations grounds, and his claims were severed from those of the remaining defendants for purposes of making his judgment final.

## II.

In a sole point of error, DeRuy argues that the trial court erred in granting summary judgment in favor of Garza upon finding that her suit was barred by limitations. DeRuy argues that her claim is timely brought under either of two alternative theories: first, that under the open courts exception to the Medical Liability and Insurance Improvement Act, she brought suit within a reasonable time following the discovery of her misdiagnosis, or second; that she brought suit within the two-year statute of limitations because Garza continued to treat her through June 1994.

Garza contends that the last date he provided medical treatment to DeRuy was October 9, 1991. Accordingly, Garza contends that limitations ran as to him on October 9, 1993, and any claim brought after that date is time barred. As an alternate defense, Garza says that even if the open courts provision applies, the claim is time-barred because DeRuy learned of the misdiagnosis in June 1994, but did not file suit until June 1995. Garza contends this is not a reasonable time as there was almost a year between discovery and suit.

■ When a plaintiff's cause of action accrues for limitations purposes under section 10.01 of the Medical Liability and Insurance Improvement Act is a question of law. *Chambers v. Conaway*, 883 S.W.2d 156, 159 (Tex.1993). A party moving for summary judgment on the basis of limitations must conclusively establish the bar of limitations. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to

show his entitlement to summary judgment. *Jennings*, 917 S.W.2d at 793; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n. 2 (Tex.1988).

■ The Medical Liability and Insurance Improvement Act established a strict two-year period of limitations and abolished the discovery rule in health care liability claims. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987); *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). In pertinent part, the Act provides that, notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 1999).

■ Section 10.01 measures the limitations period from one of three dates: the date of the tort, the last date of the relevant course of treatment, or the last date of the relevant hospitalization. *Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex.1998). A plaintiff may not choose the most favorable of these three dates. *Husain*, 964 S.W.2d at 919; *Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex.1995). The purpose of the provisions for measuring limitations from the last date of treatment or hospitalization is to aid a plaintiff who was injured during a period of hospitalization or a course of medical treatment but has difficulty ascertaining the precise date of the injury. *Husain*, 964 S.W.2d at 919; *Kimball*, 741 S.W.2d at 372. In such a situation, the statute resolves doubts about the time of accrual in the plaintiff's favor by using the last date of treatment or hospitalization as a proxy for the actual date of the tort. *Husain*, 964 S.W.2d at 919; *Kimball*, 741 S.W.2d at 372. If the date of the negligence can be ascertained, though, there are no doubts to resolve and limitations must be measured from the date of the

tort. *Husain*, 964 S.W.2d at 919; *Kimball*, 741 S.W.2d at 372.

■ Where the plaintiff alleges misdiagnosis, the date of the misdiagnosis or failure to diagnose is the dispositive date for limitations purposes. *Husain*, 964 S.W.2d at 920; *Bala*, 909 S.W.2d at 893. When a physician fails to diagnose a condition, the continuing nature of the diagnosis does not extend the tort for limitations purposes. *Bala*, 909 S.W.2d at 892; *Rowntree v. Hunsucker*, 833 S.W.2d 103, 108 (Tex.1992).

■ DeRuy's complaint against Garza focuses exclusively on his misdiagnosis of biliary cancer in 1991. She makes no complaint relating to any care she received from Garza in 1994, nor does she allege that he was negligent in any of his recommendations for procedures to be performed in 1994. We know that Garza expressed his opinion that DeRuy probably had biliary cancer on January 9, 1991 and that she started chemotherapy on February 18, 1991 with Dr. Schell. Guided by *Husain* and *Bala*, we find that the date of Garza's misdiagnosis in 1991 is the dispositive date on which DeRuy's cause of action accrued. The statutory limitations ran on her claim in January of 1993. This was a year and a half before she knew of the misdiagnosis.

■ Because of the impossibility of bringing an action for misdiagnosis before she knew of the misdiagnosis, DeRuy complains that section 10.01 is unconstitutional under the open courts provision of the Texas constitution in her case. A statute that unreasonably abridges a justiciable right to obtain redress for injuries caused by another's wrongful act amounts to a denial of due process under the open courts provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13; *Jennings*, 917 S.W.2d at 793.

Section 10.01 has been held unconstitutional in situations where it cuts off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit. *Neagle v. Nelson*, 685 S.W.2d 11 (Tex.1985); *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984).

■ DeRuy discovered that she was misdiagnosed one year after the statute of limitations had run. Since DeRuy did not discover that she had a cause of action until after limitations had run, we agree that the statute of limitations is unconstitutional in this case.

■ Having found the limitations period violated the open courts provision, the issue becomes whether DeRuy timely filed her suit after her last surgery which revealed no cancer. A claimant is allowed a reasonable time to investigate, prepare and file suit after discovering her injury.[2] *LaGesse v. PrimaCare, Inc.*, 899 S.W.2d 43, 47 (Tex.App.—Eastland 1995, writ denied); *accord Hawkins v. Safety Casualty Co.*, 146 Tex. 381, 207 S.W.2d 370, 373 (1948). DeRuy filed suit one week shy of one year after discovering her misdiagnosis. Whether this is reasonable is ordinarily a question of fact, "only to be determined as a matter of law, when the evidence, construed most favorably for the claimant, admits no oth-

---

2. In health care liability claims, there is no clear authority as to whether filing of suit slightly less than one year after discovery of the injury, and after limitations had run, is unreasonable. *See Hall v. Dow Corning Corp.*, 114 F.3d 73, 77 (5th Cir.1997) (applying Texas law to find fifteen month delay in bringing suit unreasonable under open courts provision); *Fiore v. HCA Health Services of Texas, Inc.*, 915 S.W.2d 233, 238 (Tex.App.—Fort Worth 1996, writ denied) (finding thirteen month delay unreasonable); *LaGesse v. PrimaCare, Inc.*, 899 S.W.2d 43, 47 (Tex.App.— Eastland 1995, writ denied) (holding that plaintiff's claims were barred when brought two weeks shy of one year after discovering injury). *But see Bradford v. Sullivan*, 683 S.W.2d 697, 697 (Tex.1985) (reversing and remanding summary judgment where plaintiff filed suit eleven months after discovering injury); *Melendez v. Beal*, 683 S.W.2d 869, 872 (Tex.App.—Houston [1st Dist.] 1984, no writ) (holding that filing of suit fifteen months after discovering wrong was not unreasonable where patient underwent procedure giving rise to complaint thirteen years prior).

er conclusion." *See Neagle,* 685 S.W.2d at 14 (Kilgarlin, J., concurring). The record reveals that DeRuy was recuperating from surgery for three months after her surgery, went to see an attorney six months later, and suit was filed on her behalf three months after consulting with an attorney. The reasonableness of this delay is an issue upon which reasonable minds could differ. Garza, the movant for summary judgment, offered no argument that the time frame was unreasonable, and DeRuy, the nonmovant, offered some evidence in support of her argument that the delay was reasonable. We conclude the "reasonableness" of the delay was a question of fact precluding summary judgment. We reverse and remand for new trial.

### III.

We reverse the trial court's grant of summary judgment and remand for trial on the merits.

Concurring opinion by SARAH B. DUNCAN, Justice.

SARAH B. DUNCAN, Justice, concurring.

I concur in the majority's judgment but write separately to explain how I reach the same result by somewhat different analysis.

For purposes of this summary judgment, Garza effectively stipulates to the material facts. DeRuy was last treated by Garza on October 9, 1991; therefore, the two-year statute of limitations contained in article 4590i barred the assertion of her claim no later than October 9, 1993. However, DeRuy did not know or have reason to know of her alleged injury until June 1994, and she did not file suit until June 7, 1995.

Because we must assume for purposes of this summary judgment DeRuy did not know or have reason to know of her alleged injury until after her assertion of her claim was barred by the applicable two-year statute of limitations, we must conclude the statute is unconstitutional as applied. *See Nelson v. Krusen,* 678 S.W.2d 918, 923 (Tex.1984) ("We hold that [the statute] is unconstitutional, under the open courts provision, to the extent it purports to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit.").

The stipulated facts thus raise a single question: If a limitations statute is unconstitutional as applied under the open courts provision, what limitations period, if any, applies? In *Nelson,* the court did not apply a one-year statute or any other. Rather, it simply held the plaintiffs' "cause of action ... is not barred by limitations." *Id.* One year later, in *Neagle v. Nelson,* 685 S.W.2d 11 (Tex.1985), the court said even less, a point highlighted by Justice Kilgarlin's concurrence, which attempted to fill the void by analogizing to "good cause" for delay in filing a workers' compensation claim. *Id.* at 14 (Kilgarlin, J., concurring). Justice Robertson, on the other hand, suggested the doctrine of laches might be used to determine whether the plaintiffs' claim was timely filed. *Id.* at 13 (Robertson, J., concurring).

Lacking guidance from the supreme court, the courts of appeals have simply held one or another period of time is or is not a reasonable time to file suit as a matter of las. *See Fiore v. HCA Health Servs., Inc.,* 915 S.W.2d 233, 237–38 (Tex. App.—Fort Worth 1996, writ denied) (thirteen-month delay is unreasonable as a matter of law); *LaGesse v. PrimaCare, Inc.,* 899 S.W.2d 43, 47 (Tex. App.—Eastland 1995, writ denied) (fifty-week delay is unreasonable as a matter of law); *Melendez v. Beal,* 683 S.W.2d 869, 872–73 (Tex. App.—Houston [1st Dist.] 1984, no writ) (suit may be filed within two years of discovery of wrong); *accord Hall v. Dow Corning Corp.,* 114 F.3d 73, 77 (5th Cir. 1997) (applying Texas law and holding a fifteen-month delay is unreasonable as a matter of law); *cf. Bradford v. Sullivan,* 683 S.W.2d 697, 697 (Tex. 1985) (per curiam) (reversing and remanding, without

explanation, summary judgment against plaintiff who filed suit eleven months after discovery). It is on these cases that Garza relies in arguing DeRuy's delay of almost one year was unreasonable as a matter of law.

In my view, holding the two-year statute of limitations contained in article 4590i unconstitutional as applied under the open courts provision does not authorize this court or any other to effectively adopt a statute of limitations of whatever length in this or any other case. Rather, whether the plaintiff filed her claim within a reasonable period of time must be resolved by reference to some other law. *See, e.g., Neagle*, 685 S.W.2d at 14 (Kilgarlin, J., concurring) (standards of good cause for delay in filing worker's compensation claim); *id.* at 13 (Robertson, J., concurring) (principles of common law and equity such as laches); TEX. CIV. PRAC. & REM.CODE § 16.051 (Vernon 1997) (residual limitations period). However, because Garza relied solely on the contention that a period of one year was unreasonable as a matter of law, we need not decide the appropriate standard in this appeal.

For these reasons, I concur in the majority's judgment reversing the summary judgment and remanding the case for further proceedings.