Raeline THOMPSON, Appellant,

v.

Bart PATE, M.D. and John Pate, Jr., as the Administrator of the Estate of J.W. Pate, M.D., Appellees.

No. 08–01–00164–CV.

Court of Appeals of Texas, El Paso.

Feb. 6, 2002.

Steve Hershberger, Midland, for appellant.

Larry W. Hicks, Hadley A. Huchton, Robert Duane Frizell, Hicks & Lucky, P.C., El Paso, for appellees.

Before Panel No. 3: BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from a summary judgment granted against appellant Raeline Thompson ("Thompson") on her medical malpractice claims against Doctors Bart and John W. Pate ("the Pates") because the statute of limitations contained in TEX. REV.CIV. STAT. ANN. art. 4590i, § 10.01 had run. For the reasons outlined below, we affirm the trial court's decision.

### Facts

The following time line is relevant to this appeal:

| | |
|---|---|
| 12/27/79 | Thompson's gallbladder surgery performed by Drs. Bart Pate and J.W. Pate in Alpine, Texas. |
| 12/31/79 | Pathology report from surgery reflects gallbladder tissue removed. |
| Sometime in 1984 | Thompson experiences severe abdominal pain and undergoes upper GI testing. Testing does not reveal presence of the retained gallbladder. Thompson was advised the pain was in her head. |
| Continuing through 08/94 | Attacks of what Thompson calls "upper stomach pain" continue to occur once or twice a month. |
| 08/94 to 10/97 | Thompson free from attacks of "upper stomach pain." |
| 10/97 | Attacks of upper stomach pain begin again. Thompson seeks medical help and undergoes psychological counseling. |
| 01/28/98 | Ultrasound done in Sacramento, California suggests presence of gallbladder. |
| 02/02/98 | Further testing confirms Thompson still has a gallbladder. |
| 02/02/98 | Dr. Mary Pauly informs Thompson she has a gallbladder. |
| 02/98 to and 04/98 | Thompson collects 1979 medical records from Alpine, Texas. |
| 04/06/98 | Thompson undergoes surgery in Sacramento, California to remove gallbladder. |
| Sometime in 04/98 | Thompson draws conclusion in her own mind that the problems which she attributed to her stomach were actually related to the retained gallbladder. |
| 07/05/98 | Thompson contacts Texas attorney Allen Moore to discuss possibility of suit. |
| 02/18/99 | First 4590i notice letters sent to the Pates. |
| 10/04/99 | Second 4590i notice letters sent to Dr. Bart Pate and Estate of Dr. J.W. Pate. |
| 10/28/99 | Thompson files suit against the Pates alleging negligence for failing to remove her gallbladder in the 1979 surgery. |
| 07/25/00 | The Pates file their Motion For Summary Judgment alleging the statute of limitations ran on Thompson's claims on or about 12/27/81. |
| 08/18/00 | Thompson files her first Response to the Pates' Motion For Summary Judgment.[1] |
| 08/18/00 | Thompson files her second Response to the Pates' Motion For Summary Judgment. |

1. Thompson ultimately filed four responses to the Pates' motions for summary judgment, but failed to enumerate them. For the sake of record clarity, the Court has referred to the responses in chronological order and assigned each a numerical designation.

| | |
|---|---|
| 08/18/00 | The Pates file their No Evidence Motion For Summary Judgment alleging Thompson's claim for punitive damages should be dismissed. |
| 08/23/00 | The Pates file their Objections to Plaintiff's Summary Judgment Evidence, and Reply to Plaintiff's Response to Motion For Summary Judgment and Plaintiff's Notice of Summary Judgment Evidence. |
| 08/25/00 | Thompson files third Response to Motion For Summary Judgment Evidence. |
| 08/29/00 | The Pates file their Reply to Plaintiff's third Response to Motion For Summary Judgment Evidence. |
| 11/20/00 | Thompson files fourth Response to Motion For Summary Judgment Evidence. |
| 11/22/00 | The Pates file their Motion to Strike Plaintiff's fourth Response to Motion For Summary Judgment Evidence. |
| 11/30/00 | Trial court holds hearing on the Pates' Motion For Summary Judgment. |
| 03/14/01 | Trial court grants the Pates' Objections to Plaintiff's Summary Judgment Evidence. |
| 03/14/01 | Trial court strikes Plaintiff's fourth Response to the Pates' Motion For Summary Judgment Evidence. |
| 03/14/01 | Trial court grants the Pates' Motion For Summary Judgment and no-evidence Motion For Summary Judgment. |
| 04/11/01 | Thompson files her Notice of Appeal only seeking reversal of the Pates' Motion For Summary Judgment and the trial court's decision to exclude her evidence from summary judgment consideration. |

---

## Standards of Review

In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex. App.-El Paso 2000, no pet.). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *Wyatt*, 33 S.W.3d at 31. In resolving the issue of whether the movant has carried this burden, all evidence favorable to the nonmovant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Borrego v. City of El Paso*, 964 S.W.2d 954, 956–57 (Tex.App.-El Paso 1998, pet. denied).

When the defendant is the movant and submits summary evidence disproving at least one essential element of each of the plaintiff's causes of action, then summary judgment should be granted. *Perez*, 819 S.W.2d at 471; *Borrego*, 964 S.W.2d at 956–57. A party moving for summary judgment on the basis of limita-

tions must conclusively establish the bar of limitations. *Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975). If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his or her entitlement to summary judgment. *See Zale Corp.,* 520 S.W.2d at 891; *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 n. 2 (Tex.1988).

### 4590i Limitations and the Open Courts Challenge

■ In her first issue on appeal, Thompson urges that the trial court erred in granting summary judgment because defendants did not establish their affirmative defense of limitations as a matter of law. We disagree. The Medical Liability and Insurance Improvement Act has an absolute two-year limitations period and abolishes the discovery rule for medical malpractice claims. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Article 4590i, section 10.01, in pertinent part provides three limitations-triggering events:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2002).

■ Although article 4590i specifies three dates from which the limitations period may run, a plaintiff cannot simply choose among the most favorable of these dates. *Shah v. Moss,* 67 S.W.3d 836, 841, 2001 WL 1628537, at *3 (Tex.2001); *Bala v. Maxwell,* 909 S.W.2d 889, 891 (Tex. 1995); *King v. Sullivan,* 961 S.W.2d 287, 290 (Tex.App.-Houston [1st Dist.] 1997, writ denied). When the precise date of breach or tort is ascertainable, the limitations period begins on that date. *Shah v. Moss,* 67 S.W.3d at 841, 2001 WL 1628537, at *3. Thompson's claim against the Pates is clearly out of time when section 10.01 is applied.

However, a narrow exception to section 10.01's absolute bar does exist. The Texas Constitution provides, "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This "open courts" provision is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990).

■ To establish an open courts violation, plaintiff must satisfy a two-part test: (1) she must show she has a well-recognized common-law cause of action that is being restricted; and (2) she must show the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. *Id.; University of Texas Medical Branch at Galveston v. Greenhouse,* 889 S.W.2d 427, 430 (Tex.App.-Houston [1st Dist.] 1994, writ denied).

The constitutionality of article 4590i has been upheld as long as the statute does not cut off the cause of action before the plaintiff has a reasonable opportunity to discover the wrong and bring suit within the two-year period. *Morrison,* 699 S.W.2d at 207. However, when it is not possible for the plaintiff to discover the injury or wrong within the two-year period, the ab-

solute two-year limitation has been held to be unconstitutional. *DeLuna v. Rizkallah,* 754 S.W.2d 366, 368 (Tex.App.-Houston [1st Dist.] 1988, writ denied). Thus the Houston First Court of Appeals has held that section 10.01's absolute bar should not be used when "the results would be unreasonable, absurd, and unjust." *Melendez v. Beal,* 683 S.W.2d 869, 873 (Tex.App.-Houston [1st Dist.] 1984, no writ). It further held it would be unfair for the limitations period to begin running from the date on which the original surgery was performed that resulted in the injury when that injury could not have reasonably been discovered by the plaintiff. *Id.* In a well-reasoned analysis, the *Melendez* court noted that to require plaintiff to bring suit within two years of the surgery would mean that patients would have to have x-rays and tests done within two years of any surgery to be sure their doctor had not been negligent. *Id.*

The *Melendez* analysis applies to the instant suit. Here, Thompson had absolutely no reason to believe that her 1979 gallbladder surgery was not successful because she felt well for about five years after the surgery. Although she developed symptoms that were later found to be consistent with the failed surgery, both she and the doctors she saw for treatment of those symptoms attributed them to other parts of the gastrointestinal system. For these reasons, we hold that in this case the 4590i statute of limitations effectively deprived Thompson of her constitutional right to suit because she did not have a reasonable opportunity to discover the injury and that, to rule otherwise, would yield an "unreasonable, absurd, and unjust" result. *Melendez,* 683 S.W.2d at 873.

█ When an open courts challenge preserves a plaintiff's claim for an exception to the two-year statute of limitations, the claimant must still demonstrate she investigated, prepared, and filed suit after discovering her injury within a "reasonable time." *Shah v. Moss,* 67 S.W.3d at 847, 2001 WL 1628537, at *9; *Neagle v. Nelson,* 685 S.W.2d 11, 14 (Tex.1985) (J. Kilgarlin, concurring); *LaGesse v. PrimaCare, Inc.,* 899 S.W.2d 43, 47 (Tex.App.-Eastland 1995, writ denied); *Fiore v. HCA Health Servs. of Texas, Inc.,* 915 S.W.2d 233, 237 (Tex.App.-Fort Worth 1996, writ denied). Reasonableness is a question of fact unless the evidence, "construed most favorably for the claimant, admits no other conclusion." *Neagle,* 685 S.W.2d at 14 (J. Kilgarlin, concurring); *DeRuy v. Garza,* 995 S.W.2d 748, 752–53 (Tex.App.-San Antonio 1999, pet. filed).

█ In health care liability claims, there is no clear authority as to what is a "reasonable time" within which to file suit after discovering an injury outside the statute of limitations, but it is clear that 17 months, without facts explaining the length of delay, is not a reasonable time. *Shah v. Moss,* 67 S.W.3d at 847, 2001 WL 1628537, at *10 (17–month delay between discovery of injury and filing suit not a reasonable time as a matter of law); *see also Hall v. Dow Corning Corp.,* 114 F.3d 73, 77 (5th Cir.1997) (applying Texas law to find 15 month delay in bringing suit unreasonable under open courts provision); *Fiore,* 915 S.W.2d at 238 (finding 13–month delay unreasonable); *LaGesse,* 899 S.W.2d at 47 (holding that plaintiff's claims were barred when brought two weeks shy of one year after discovering injury); *but see Gagnier v. Wichelhaus,* 17 S.W.3d 739, 745–46 (Tex. App.-Houston [1st Dist.] 2000, pet. denied) (reversing and remanding summary judgment when plaintiff filed suit 10 months after discovering injury); *Bradford v. Sullivan,* 683 S.W.2d 697, 697 (Tex.1985) (reversing and remanding summary judgment when plaintiff filed suit 11 months after discovering injury); *DeRuy,* 995 S.W.2d at 753 (holding reasonableness of 11–month delay in filing suit was a fact

question); *Melendez,* 683 S.W.2d at 872 (holding that filing of suit 15 months after discovering wrong was not unreasonable when patient underwent procedure giving rise to complaint 13 years prior).

Thompson argues that the discovery date in this case is sometime in April 1998, that is, the point at which the second surgery confirmed the existence of the retained gallbladder and Thompson herself realized her post–1979 symptoms were related. Viewing these facts in the light most favorable to Thompson, there was still a delay of 17 months before the filing of suit. Thompson argues that this delay is reasonable because (1) the initial 4590i notice letter sent to Dr. J.W. Pate on February 18, 1999 was returned unserved, and (2) that Thompson needed further time to investigate and discover that Dr. J.W. Pate had in fact died on March 4, 1999 and that his estate was not probated until April 5, 1999. Thompson further argues that once she discovered Pate's death, a second notice letter was sent to his estate on October 4, 1999, and suit was filed on October 28, 1999.

We cannot conclude that these reasons are sufficient to create a fact question on the reasonableness of the 17 month delay in filing suit from the date of discovery of the retained gallbladder. Therefore, we must affirm the trial court's decision to grant summary judgment on Thompson's claims. Her first issue on appeal is overruled. Because this decision moots the question of whether the trial court abused its discretion in excluding Thompson's summary judgment evidence, we need not reach her second issue on appeal.

### Conclusion

The trial court's judgment is affirmed.