NO. 07-11-00091-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2011

_____

R. WAYNE JOHNSON, APPELLANT

v.

GERALD CORNELIUS AND VICKI CORNELIUS,
APPELLEES

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B9231-1011; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant R. Wayne Johnson, proceeding *pro se*, appeals the trial court's dismissal of his suit against appellees Gerald Cornelius and Vicki Cornelius. We will affirm.

Background

In his original petition, Johnson alleged appellees employed a state law, "BP03.91," to infringe on his free speech rights. He sought monetary damages under 42 U.S.C § 1983.[1]

_____

[1] 42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District

Appellees moved the trial court to dismiss Johnson's suit on the ground he was previously declared a vexatious litigant, required to obtain permission of an administrative judge before filing suit, and did not obtain permission.[2] The trial court granted appellees' motion and dismissed Johnson's case.[3] This appeal followed.

Jurisdiction

On September 8, 2011, after briefing was completed, Johnson filed in this case a petition for writ of mandamus, in which he contends the trial court lacked jurisdiction over the underlying case because Johnson filed it in Castro County rather than in Potter County, where Johnson is incarcerated in the William P. Clements Unit. Civil Practice and Remedies Code § 15.019 establishes mandatory venue for actions accruing while the plaintiff was housed in a facility of the Texas Department of Criminal Justice in the

_____

of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] *See* Chapter 11, Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001-11.104 (West 2002).

[3] To be noted, Johnson is an inmate in the Institutional Division of the Texas Department of Criminal Justice, and filed in the trial court an affidavit of inability to pay costs. His suit was not brought under the Family Code. The action therefore is subject to the inmate litigation provisions of Chapter 14 of the Civil Practice and Remedies Code. The record demonstrates Johnson's failure to comply with its requirements. The suit was subject to dismissal also under Chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002 (scope of chapter), 14.003 (providing for dismissal of claim before or after service of process), 14.004 (requiring filing of affidavit relating to previous filings) (West 2002); *Retzlaff v. TDCJ*, 94 S.W.3d 650 (Tex.App.--Houston [14th Dist.] 2002, pet. denied) (dismissing claim under Chapter 14).

county in which the facility is located. Tex. Civ. Prac. & Rem. Code Ann. § 15.019 (West 2002).[4]

In June of this year, we issued an opinion in a mandamus proceeding brought by Johnson. *In re Johnson*, No. 07-10-0254-CV, 2011 Tex. App. Lexis 4886 (Tex.App.--Amarillo, June 28, 2011, orig. proceeding) (mem.op.). There, we addressed briefly, in a footnote, a motion Johnson had filed in that proceeding, in which he made the same argument, contending the Hale County trial judge who was the respondent lacked jurisdiction because Johnson improperly filed his suit there instead of in Potter County. In that footnote, we cited *Scott v. Gallagher*, 209 S.W.3d 262 (Tex.App.--Houston [1st Dist.] 2006, no pet.), in which the court considered and rejected the jurisdictional argument Johnson is asserting. Noting the distinction between jurisdiction and venue, and noting that Chapter 15 of the Civil Practice and Remedies Code, which contains § 15.019, is entitled "Venue," the court found that filing suit in a county of improper venue under § 15.019 does not deprive the court of jurisdiction. *Scott*, 209 S.W.3d at 264-65.[5]

In his present petition for mandamus, Johnson argues *Scott* ignores controlling authority from the Texas Supreme Court, in the form of two cases, *In re Reliant Energy, Inc.,* 159 S.W.3d 624 (Tex. 2005) and *Subaru of Am., Inc. v. David McDavid Nissan,*

---

[4] The mandatory venue provision does not apply to actions brought under the Family Code and contains an exception for those subject to Civil Practice and Remedies Code § 15.014. Tex. Civ. Prac. & Rem. Code Ann. § 15.019(a), (c) (West 2002).

[5] Another court of appeals also cited *Scott* in rejecting the same jurisdictional argument, made by Johnson with respect to a case he filed in Smith County, Texas. *In re Johnson,* No. 12-07-0032-CV, 2007 Tex. App. Lexis, at *1 (Tex.App.--Tyler Jan. 31, 2007, orig. proceeding) (mem. op.).

3

*Inc.,* 84 S.W.3d 212 (Tex. 2002) (op. on reh'g), and supporting authority from a court of appeals, *In re Tyler Asphalt & Gravel Co.,* 107 S.W.3d 832 (Tex.App.--Houston [14th Dist.] 2003, orig. proceeding). Johnson is mistaken; neither *Reliant Energy* nor *Subaru* is controlling here. And the language Johnson relies on from *Tyler Asphalt* is inapplicable to this case.

Johnson acknowledges that *Reliant Energy*, a mandamus proceeding, involved the determination which of two venue provisions, one in the Probate Code, the other in the Civil Practice & Remedies Code, was controlling for wrongful death and survival claims under the facts there presented. The facts presented included causes pending both in Hidalgo County and in Harris County, an order issued by the Hidalgo County probate court transferring the Harris County litigation to Hidalgo County and an injunction issued by the Harris County district court prohibiting the plaintiff from proceeding further with the wrongful death and survival claims in Hidalgo County. 159 S.W.3d at 626. On the basis of its decision in the related interlocutory appeals, *Gonzalez v. Reliant Energy, Inc.,* 159 S.W.3d 615 (Tex. 2005), the court determined the Civil Practice & Remedies Code venue provision was controlling. 159 S.W.3d at 626.

Considering whether mandamus relief was appropriate, the court found that the order of the Hidalgo County probate court transferring the Harris County proceeding to itself without statutory authority, "actively interferes with the Harris County district court's jurisdiction." *Reliant Energy*, 159 S.W.3d at 626. Considering the propriety of injunctive relief in the related interlocutory appeals, the court made the same statement. *Gonzalez*, 159 S.W.3d at 622-23. On the basis of that active interference with the

4

district court's jurisdiction, the court found mandamus relief necessary. *Reliant Energy*, 159 S.W.3d at 626. And, partially on the basis of that same active interference, the court affirmed the order for injunctive relief. *Gonzalez*, 159 S.W.3d at 623.

Johnson seizes on the court's use of the word "jurisdiction" in these venue cases, and from that usage reasons that the improper venue in his Castro County case actually deprived the court of jurisdiction. The reasoning is faulty. As the *Gonzalez* opinion makes clear, both the Hidalgo County probate court and the Harris County district court had jurisdiction to adjudicate the wrongful death and survival claims. 159 S.W.3d at 620 (noting Probate Code amendment gave jurisdiction, but did not confer venue). And the Harris County district court's jurisdiction was invoked when Mrs. Gonzalez filed suit there. *Id.* at 617. The effort of the Hidalgo County probate court to transfer the pending Harris County litigation to itself clearly interfered with the Harris County district court's jurisdiction to litigate the case before it, as the supreme court determined. But the court's reference to that jurisdiction can in no way be read to equate venue with jurisdiction. *See Gonzalez*, 159 S.W.3d 622 ("transfer of a case pertains to venue, not jurisdiction"). Johnson's argument based on *Reliant* is meritless.[6]

Johnson's reliance on *Subaru* also is meritless. *Subaru* deals with concepts of jurisdiction not present either in *Scott* or this present case. The opinion addresses the allocation of jurisdiction between administrative agencies and courts under the doctrines of primary and exclusive jurisdiction. *Subaru,* 84 S.W.3d at 220-21. The word "venue"

---

[6] By its action dismissing the suit Johnson filed in Castro County, the court hardly can be said to have interfered with the jurisdiction of another court. Johnson's suit was not pending in another court.

5

does not appear in the opinion. Johnson does not explain, and we do not perceive, how any holding of *Subaru* supports his contention that the improper venue in Castro County deprived the district court of jurisdiction.

Finally, in *Tyler Asphalt,* a workers' compensation case, the court of appeals was confronted with jurisdictional questions arising when a course-and-scope-of-employment issue as to the death of an employee was presented in cases filed in two district courts. The court *inter alia* found Texas Labor Code § 410.252(b)(1)[7] to state a jurisdictional requirement, explaining "[a] statute which lodges in the courts of a single county the exclusive power to try a certain type of case is jurisdictional, not a matter of venue." 107 S.W.3d at 843. Assuming, without deciding, the principle has broader application,[8] it can have no application here because its premise is not present. Johnson did seek a statutory remedy, § 1983, for his alleged injury, but the statute does not lodge in a single Texas court the exclusive power to adjudicate such a complaint arising in Texas. Rather, the district courts of this state possess subject matter jurisdiction to try § 1983 cases. *See generally Nevada v. Hicks,* 533 U.S. 353, 366, 121 S.Ct.2304, 2313-14, 150 L.Ed.2d 398 (2001) ("It is certainly true that state courts of 'general jurisdiction' can adjudicate cases invoking federal statutes, such as § 1983, absent congressional specification to the contrary"); *Thomas v. Allen,* 837 S.W.2d 631, 633 (Tex. 1992) (per curiam) (district courts of this state possess jurisdiction to hear §

---

[7] In pertinent part this section provides, "The party bringing suit to appeal the decision must file a petition with the appropriate court in the county where the employee resided at the time of the injury or death, if the employee is deceased." Tex. Lab. Code Ann. § 410.252(b)(1) (West Supp. 2010).

[8] *See Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex. 2000) (finding requirements of Civil Practice & Remedies Code § 71.031(a)(4) not jurisdictional).

1983 complaints).  For this reason alone, the language from *Tyler Asphalt* does not support Johnson's challenge to the trial court's jurisdiction.

As plaintiff Johnson disregarded a mandatory venue provision and chose the wrong county for his suit.  But, in his suit against non-governmental defendants, that decision raises a venue issue, not one of jurisdiction.  *See Univ. of Tex. Southwestern Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex. 2004) (noting court's previous holding that "filing suit in the wrong county does not deprive the court of subject matter jurisdiction"); *Scott*, 209 S.W.3d at 264.  The trial court possessed subject matter jurisdiction over Johnson's suit and we possess jurisdiction over his appeal.  Johnson's jurisdictional challenge is overruled.

Analysis

In a single issue, Johnson asserts the 2001 order of the 156th Judicial District Court of Bee County declaring him a vexatious litigant and imposing a prefiling order is void, and the trial court thus erred in dismissing his present suit.

The gist of Johnson's voidness claim is the Attorney General of Texas obtained the Bee County order but had no statutory authority to represent the State of Texas in state district court.  Johnson has previously presented the same argument in this court. *In re R. Wayne Johnson,* No. 07-07-0431-CV, 2009 Tex. App. Lexis 5795 (Tex.App.--Amarillo July 27, 2009, orig. proceeding) (mem. op.).  We addressed and rejected the argument on that occasion, and again reject it here.

In pleadings filed in the trial court and on appeal, Johnson relies heavily on a statement from a 1996 opinion of the Texas Supreme Court, in which the court noted,

7

"While there is no general statute authorizing the Attorney General to represent the State and its agencies in district court, the Legislature has provided for such representation in particular types of cases." *El Paso Elec. Co. v. Texas Dep't of Ins.*, 937 S.W.2d 432, 439 (Tex. 1996).[9]  Johnson misquotes the court's statement by leaving out the word "general" preceding the word "statute," and insists our supreme court has held there is no statute authorizing the attorney general to defend suits in state district court.  As is readily seen from a reading of the court's actual statement, Johnson's argument is misguided.

Moreover, the Bee County district court's prefiling order was issued in cause number B-01-1159-0-CV-B, styled *R. Wayne Johnson A.K.A. "Legal Eagle," plaintiff, v. John Cornyn, Attorney General and Andy Taylor, defendants.*  We take judicial notice that John Cornyn was serving as Attorney General of Texas on June 14, 2001, the date of the prefiling order.  From the style of the cause, Attorney General Cornyn was himself a defendant in the suit Johnson brought in Bee County, and nothing shows the capacity in which Johnson sued him.  The trial court in Johnson's current suit against these appellees would have had no way to know whether the Attorney General was representing "the State [or] its agencies" in the Bee County suit.  For these and other reasons not necessary to discuss, the trial court did not err by failing to accept

---

[9] As one example of a particular type of case in which the legislature has provided for representation by the attorney general, the court cited §101.103 of the Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. § 101.103 (West 2011).  There are other examples the court could have chosen.  *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 104.004 (West 2011) (attorney general shall defend public servant listed in statute in cause of action covered by chapter 104).

Johnson's contention the Bee County prefiling order is void because of the Attorney General's apparent involvement in the case.

Johnson's first issue is overruled.

Johnson's brief also contains references to three other matters we will address. First, his brief refers to the trial court's error as "fundamental error." He cites to the discussion of fundamental error in *Operation Rescue-National v. Planned Parenthood of Houston & SE Tex., Inc.*, 975 S.W.2d 546, 569 (Tex. 1998), in which the court discussed complaints that may be addressed on appeal even though not raised in the trial court. As we interpret his brief,[10] Johnson is not seeking review of a complaint not preserved in the trial court, but is using the term "fundamental" to emphasize the gravity of the trial court's dismissal of his action. Because we have addressed the merits of the court's dismissal, concluding it did not err, and because Johnson does not complain of any other asserted error of the trial court, we do not address the application to this appeal of the concept of fundamental error. To any extent Johnson intends his discussion of fundamental error to state a separate appellate issue, it is overruled.

Second, Johnson's brief contains discussion condemning the judge of the trial court as biased, and condemning the actions of counsel for appellees as violative of disciplinary rules. All these contentions, as we read them, are based on Johnson's position that the trial court was required to view the Bee County prefiling order as void

---

[10] Johnson's brief largely disregards the requirements of an appellate brief. Tex. R. App. P. 38.1. It is only with difficulty that we ascertain whether his numbered paragraphs are intended as statements of appellate issues or simply as points of argument in support of his single issue. *See* Tex. R. App. P. 38.1(f) (requiring that brief state concisely all issues or points presented for review).

and thus required to give it no effect. The trial judge was biased, Johnson contends, because he gave effect to the prefiling order and dismissed Johnson's current suit. Appellees' counsel violated disciplinary rules, Johnson argues, by moving for dismissal of the suit against his clients based on what Johnson contends is the void Bee County prefiling order. Our conclusion the trial court did not err by dismissing Johnson's suit requires also that we reject his related complaints of bias and misconduct on the part of the trial judge and opposing counsel. To any extent Johnson intends these complaints as separate appellate issues, they are overruled.

Third, citing *In re Hinterlong,* 109 S.W.3d 611 (Tex.App.--Fort Worth 2003, orig. proceeding) and *DeRuy v. Garza,* 995 S.W.2d 748 (Tex.App.--San Antonio 1999, no pet.), Johnson asserts also that application of Chapter 11 to him was unconstitutional under the open courts provision of the Texas Constitution.[11] Tex. Const. art. I, § 13. His argument consists simply of a statement broadly quoted from *DeRuy* to the effect that a law which unreasonably abridges a justiciable right to obtain redress amounts to a denial of due process under the open courts provision. *See DeRuy*, 995 S.W.2d at 752. Johnson's open courts contention required that he show he has a well-recognized common law cause of action that is being statutorily restricted and that the restriction is unreasonable or arbitrary when balanced against the legislature's actual purpose in enacting the statute. *Hinterlong*, 109 S.W.3d at 626. Assuming, but without deciding, that Johnson's pleadings alleged a cognizable common-law cause of action restricted

---

[11] The record contains a post-judgment letter from Johnson to the trial court complaining of a due process violation. For this discussion, and reading Johnson's argument liberally, we will assume the correspondence sufficed as a motion for new trial and preserved the complaint for appellate review. Tex. R. App. P. 33.1(a).

by Chapter 11, Johnson's brief contains no explanation how Chapter 11's requirement that he obtain administrative judge permission to file a new civil suit is unreasonable or arbitrary, given the statute's purpose. *See Leonard v. Abbott*, 171 S.W.3d 451, 456-58 (Tex.App.--Austin 2005, pet. denied); *accord Dolenz v. Boundy*, No. 05-08-01052-CV, 2009 Tex. App. Lexis 9196, at *9 (Tex.App.--Dallas, December 2, 2009, no pet.) (mem.op.) (both rejecting open courts challenges to Chapter 11). As the party challenging the constitutionality of Chapter 11, the burden to demonstrate that the statute fails to meet constitutional requirements was Johnson's burden. *See Hinterlong*, 109 S.W.3d at 626 (citing *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996)). He has not carried that burden.

Conclusion

Having overruled Johnson's issue and finding his remaining arguments, if intended as issues on appeal, also without merit, we affirm the trial court's judgment.


James T. Campbell
Justice


11