**Linda VOEGTLIN and David Voegtlin, Appellants,**

v.

**William PERRYMAN, M.D., Appellee.**

**No. 2–97–047–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 27, 1998.

Wells, Williford, Felber & Kraatz, Mike Felber, Fort Worth, for Appellant.

Decker, Jones, McCackin, McClaine, Hall & Bates, Randy J. Hall, Fort Worth, for Appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

DAY, Justice.

This is a medical malpractice case filed by appellants Linda and David Voegtlin in connection with medical treatment provided to Linda from March 17, 1987 through May 13, 1993 by appellee William Perryman, M.D.

**808**

Perryman moved for summary judgment, asserting that the Voegtlins' cause of action was barred by the two-year statute of limitations set forth in section 10.01 of the Medical Liability and Insurance Improvement Act. TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.1998). Perryman also alleged that because the summary judgment evidence established that the Voegtlins had a reasonable opportunity to discover their injuries and bring suit within the two-year statutory period, the open courts provision of the Texas Constitution did not render section 10.01 unconstitutional as to them. TEX. CONST. art. I, § 13. The trial court entered summary judgment in favor of Perryman without stating the ground or grounds relied on for its ruling.

On appeal, the Voegtlins argue in four points that summary judgment was improper because their lawsuit was filed within the statute of limitations and, alternatively, because the statutory limitations period violates the Texas open courts provision and is unconstitutional as to them because the summary judgment evidence established that they did not have a reasonable opportunity to discover the wrong and bring suit within the limitations period.

Because the Voegtlins knew of the injury and had a reasonable opportunity to bring suit within the statutory period and they failed to do so, we affirm the trial court's summary judgment in favor of Perryman.

### CHRONOLOGY

The operative facts and dates in this case are not in dispute:

- **September 1987**—Linda notices a pea-sized knot in her right breast by self-examination and goes to Perryman's office. Perryman examines her breast and arranges for Linda to have a mammogram performed at Huguley Memorial Hospital ("Huguley Hospital").
- **October 1987**—Linda has a mammogram at Huguley Hospital. Perryman's assistant informs Linda that the results were "unremarkable." Perryman tells Linda that they will continue to monitor the lump and that Linda should have a mammogram every two years.
- **November 16, 1987**—The Voegtlins visit with Dr. David Levine, a local plastic surgeon, and express concern that the lump in Linda's breast might be cancerous. Levine recommends a biopsy of the lump.
- **February 5, 1988**—The Voegtlins go to Perryman's office for Linda's annual exam. David and Perryman have a heated discussion about whether the lump in Linda's breast is growing larger. David asks Perryman about aspirating the lump or doing a biopsy to make a definitive diagnosis. Perryman does not recommend either procedure but again states that they will continue to monitor the lump.
- **July 1989**—Linda tells Perryman during an office visit that the lump in her breast has grown larger and that two other pea-sized lumps have appeared.
- **September 1990**—Linda has her annual exam; the three lumps have migrated into one pecan-sized lump. She goes back to Huguley Hospital for another mammogram. Perryman's assistant tells Linda that the results of this mammogram are the same as the 1987 mammogram.
- **March 13, 1992**—Linda has her annual physical examination by Perryman; the lump has grown to the size of a walnut with dimpling. Linda does not have her biennial mammogram because Perryman's assistant does not schedule the appointment.
- **March 1993**—Linda makes an appointment for her annual physical exam with Perryman. She informs Perryman's assistant that another pea-sized lump has appeared in her right breast and that she is scheduling a mammogram for herself at Huguley Hospital so Perryman can review the results at her annual exam.
- **May 1993**
 - On May 14, Linda has a mammogram at Huguley Hospital, which she had arranged on her own. She is told that the large lump in her right breast is malignant. Linda arranges to have a special-

ist examine her. During depositions, she testifies that this is the first day that she and David "probably thought" they might have a legal claim arising from her medical treatment.

- Linda keeps her appointment for her annual exam with Perryman. He examines the lump in her right breast and states that it should be biopsied.

- Dr. Knox, Linda's surgeon, tell the Voegtlins that the lump in Linda's breast should have been biopsied sooner. Dr. Evans and Dr. Jones, two of Linda's treating physicians, also state that the lump should have been biopsied earlier. All three doctors tell the Voegtlins that the lump was most likely cancerous in 1987.

- **June 11, 1993**—Linda undergoes a right modified radical mastectomy.

- **September 1993**

 - Linda states during deposition testimony that she "didn't really [think]" about the fact that they had a legal claim against Perryman until this date. David states in his testimony that they did not discuss the possibility of legal action at this time.

 - On September 22, 1993, David meets with the Risk Management Department of Huguley Hospital to discuss the "wrong" that he believes Perryman committed by not taking a more aggressive approach to determine the nature of the lump in Linda's breast. Following the meeting, David tells Linda that he informed personnel at Huguley Hospital about their circumstances and specifically, that he believes Perryman should have biopsied the lump and that the hospital is responsible.

- **October 4, 1993**—The Voegtlins meet with the Risk Management Department at Huguley Hospital and express concern that the lump in Linda's breast had not been biopsied even though it had been present since 1987.

- **January 1994**—The Voegtlins decide to hire an attorney.

- **Late March/Early April 1994**—The Voegtlins consult an attorney for the first time about suing various defendants as a result of the medical treatment Linda received.

- **November 21, 1994**—The Voegtlins send a statutory notice of claim to Perryman, which he received on November 23, 1994.

- **January 31, 1995**—The Voegtlins file suit against Perryman,[1] alleging that he acted negligently by failing to (1) provide adequate care and management of Linda's breast cancer, (2) timely detect Linda's breast cancer, (3) perform and schedule appropriate clinical breast examinations, (4) appropriately monitor the status of the lumps in Linda's breast, and (5) perform follow-up tests or make referrals to specialists for aspiration or biopsy of the lumps.

In response to the Voegtlins' claims, Perryman filed a motion for summary judgment, alleging that the Voegtlins' suit was filed after the two-year limitations period. He also asserted that the open courts provision did not apply to their cause of action because they had a reasonable opportunity to discover the wrong and file suit within the statutory period. Finally, he contended that they did not file their suit within a reasonable time after discovering the wrong. The trial court granted summary judgment in favor of Perryman.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990); *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v.*

---

1. Although the Voegtlins also sued Dr. Chapa, Dr. Evans, and Huguley Hospital, those parties were severed and only Perryman's case is before us on appeal.

*San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston*, 589 S.W.2d at 678. A defendant who moves for summary judgment based on limitations must establish the defense as a matter of law. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). This includes conclusively showing the date on which the statute of limitations period commenced. *See Delgado*, 656 S.W.2d at 429.

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm the summary judgment on appeal if any of the theories advanced by the movant are meritorious. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

## ARTICLE 4590i STATUTE OF LIMITATIONS

■ In their first point, the Voegtlins assert that the trial court erred in granting Perryman's motion for summary judgment because they filed suit within the statute of limitations. All health care liability claims are now governed by article 4590i of the Medical Liability and Insurance Improvement Act. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 10.01. The statute abolishes the discovery rule in cases governed by article 4590i and imposes an absolute two-year statute of limi-

tations on health care claims regardless of when an injured party learns of the injury. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). A person may extend the two-year limitations period for seventy-five days by giving notice of a claim, *see* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 4.01(c), but notice cannot toll a limitations period that has already expired, *see Jennings*, 917 S.W.2d at 793; *De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 937–38 (Tex. 1993).

■ The limitations period provided in article 4590i, section 10.01 runs from one of three possible dates: (1) the date of the tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *See Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex.1998); *Fiore v. HCA Health Servs. of Tex., Inc.* 915 S.W.2d 233, 236 (Tex.App.—Fort Worth 1996, writ denied). Although the statute specifies three dates, a plaintiff may not simply choose the most favorable of the dates. *See Husain*, 964 S.W.2d at 919; *Bala v. Maxwell*, 909 S.W.2d 889, 891 (Tex.1995). Where the date of the negligence is readily ascertainable, the limitations period must be measured from the date the tort occurred. *See Husain*, 964 S.W.2d at 919.

In this case, the Voegtlins contend that the evidence does not conclusively establish the specific date on which the limitations period began to run because Linda established a "course of treatment" with Perryman based on his examinations of her breasts over several years. The Voegtlins contend that the course of treatment began on March 17, 1987, when Perryman initially examined the lump in Linda's breast and continued until the week of May 21, 1993, when Perryman saw Linda for the last time and recommended that she have the lump biopsied. As a result, the Voegtlins conclude that the statute of limitations did not begin to run until May 1993, at the earliest. However, in light of the Texas Supreme Court's recent decision in *Husain v. Khatib*, we need not determine whether a course of treatment was estab-

lished between Linda and Perryman to decide the merits of this point.

In *Khatib*, the appellants contended that the trial court erred in granting summary judgment for appellee Tehmina Husain. Specifically, Khatib argued that Husain committed medical malpractice during a negligent course of treatment and that the limitations period did not begin to run until the final day of that treatment, when the cancer was detected. *See Khatib v. Husain*, 949 S.W.2d 805, 809–10 (Tex.App.—Fort Worth 1997), *rev'd*, 964 S.W.2d 918, 919 (Tex.1998). The supreme court held that the dates of Husain's alleged negligence were readily ascertainable and thus it was immaterial whether the tort was characterized as a failure to diagnose or as an improper course of treatment case due to a misdiagnosis:

> Khatib's complaint is that Husain was negligent in not taking actions—mammograms, referrals to specialists, proper breast examinations—that would have led to earlier discovery of Khatib's cancer. Those events, or non-events, occurred on specific ascertainable dates: January 25, 1990, and September 26, 1991. On August 25, 1992, Hussain ordered the mammogram that detected Khatib's cancer. Therefore, any negligence could only have occurred at the latest at the September 26, 1991, examination.
>
> Because the last date on which Husain could have been negligent is September 26, 1991, and the Khatibs did not file this action until November 15, 1994, the statute of limitations bars their claim.

*Husain*, 964 S.W.2d at 920.

In the instant case, the Voegtlins contend that Perryman was negligent in not taking actions that would have led to earlier detection of Linda's breast cancer, in particular, performing or recommending a biopsy. Those instances occurred in September 1987; February 1988; July 1989; September 1990; and March 1992. In May 1993, Perryman examined the lump in Linda's breast and recommended a biopsy, which is what the Voegtlins wanted. Therefore, Perryman's last opportunity to wrongly or negligently fail to recognize that Linda had cancer, or negligently fail to recommend a biopsy or

other clinical procedure, was on March 13, 1992. Because the Voegtlins did not file their action until January 31, 1995, the two-year statute of limitations bars their claim. We overrule their first point.

## THE OPEN COURTS PROVISION

 This determination, however, does not end our inquiry. Once a defendant has established that a suit is time-barred by article 4590i, the plaintiff must allege that, under the open courts provision of the Texas Constitution, the article is unconstitutional as applied to her because it cut off her cause of action before she knew or should have known that it existed. *See Hellman v. Mateo*, 772 S.W.2d 64, 66 (Tex.1989). The burden then shifts to the party seeking to rely on the limitations statute to negate the open courts defense by conclusively establishing that there is no genuine issue of material fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury and the cause of action. *See Jennings*, 917 S.W.2d at 793; *Hellman*, 772 S.W.2d at 66.

In this case, the Voegtlins timely challenged the article 4590i statute of limitations under the open courts provision as a defense to Perryman's motion for summary judgment. Consequently, to be entitled to summary judgment, Perryman must have conclusively established that no issue of material fact existed concerning the time when the Voegtlins discovered or should have discovered the nature of the injury and cause of action, *see Hellman*, 772 S.W.2d at 66, and that the open courts provision does not apply to the Voegtlins' cause of action, *see Jennings*, 917 S.W.2d at 793.

On appeal, the Voegtlins contend that the trial court erred in granting summary judgment for Perryman because (1) to the extent that article 4590i bars their cause of action, it is unconstitutional, (2) a genuine issue of material fact exists as to whether the Voegtlins had a reasonable opportunity to discover the wrong and bring suit prior to the expiration of the limitations period, and (3) the Voegtlins' uncontroverted summary judgment evidence established that they did not have a reasonable opportunity to discover the

wrong and sue within the limitations period and that they filed their lawsuit within a reasonable time after the discovery of the wrong.

 Article I, section 13 of the Texas Constitution, the open courts provision, guarantees that all persons bringing common law causes of action will not unreasonably be denied access to the courts. TEX. CONST. art. I, § 13. To establish a right of redress under the open courts provision, a litigant must show (1) that he has a cognizable common-law cause of action, and (2) that restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose. See Diaz v. Westphal, 941 S.W.2d 96, 100 (Tex.1997); Jennings, 917 S.W.2d at 793. The article 4590i statute of limitations is unconstitutional to the extent that it cuts off a cause of action before the plaintiff knew or should have known the nature of the injury or the facts giving rise to the cause of action. See Hellman, 772 S.W.2d at 66; Adkins v. Tafel, 871 S.W.2d 289, 294 (Tex.App.—Fort Worth 1994, no writ). However, if the litigant had a reasonable opportunity to discover the wrong and bring suit within the statutory period, the open courts provision does not apply and the lawsuit is time-barred. See Jennings, 917 S.W.2d at 793; Nelson v. Krusen, 678 S.W.2d 918, 923 (Tex.1984); Fiore, 915 S.W.2d at 237. Furthermore, even if the plaintiff did not have a reasonable opportunity to file suit within the statutory period, he may not obtain relief under the open courts provision if he did not use due diligence and sue within a reasonable time after learning of the wrong. See Fiore, 915 S.W.2d at 237.

On an appeal from a summary judgment, we must take as true the uncontroverted evidence of the non-movants. See Hellman, 772 S.W.2d at 66. In this case, the uncontroverted summary judgment evidence established that on May 13, 1993, the Voegtlins discovered that Linda had breast cancer. In her deposition testimony, Linda stated that she and her husband first determined that they might have a legal claim at that time. She also testified that her surgeon and two other treating physicians each stated in May 1993 that the lump in her breast should have

been biopsied sooner. The evidence also established that the Voegtlins knew at the time that the cancer was discovered, that Dr. Levin had recommended that the lump be biopsied in 1987, and that Perryman had not recommended that procedure until May 1993. The summary judgment evidence also established that during Linda's 1992 annual exam, David had a heated discussion with Perryman regarding whether the lump should be biopsied and that Perryman did not recommend a biopsy at that time or any later date until after Linda's cancer had already been diagnosed.

Despite these facts, Linda stated that she "did not really think about" the fact that they might have potential claim against Perryman until September 1993, after completing her chemotherapy. Furthermore, David testified that he and Linda did not discuss the possibility of legal action in September or October 1993. On appeal, the Voegtlins contend that they were only aware of the injury in May 1993 and did not know they had a valid cause of action until they sought legal representation in late March or early April of 1994. The Voegtlins thus conclude that they did not have a reasonable opportunity to discover the wrong until after the limitations period had expired and further, that the suit filed January 31, 1995 was brought within a reasonable time after discovery of the cause of action.

In Adkins v. Tafel, the appellants made a similar contention, claiming that they did not learn of their cause of action until their lawyer's medical expert first confirmed that the defendant had committed malpractice. See 871 S.W.2d at 293. We expressly rejected this argument:

[A plaintiff] cannot avoid summary judgment merely by alleging they did not know they had a lawsuit against [the defendant] until their lawyer's expert informed them [that the defendant] had committed malpractice. Adherence to this line of reasoning would discourage due diligence by prospective plaintiffs, and it would allow litigants to bring suits for an indefinite period of time, even if they discovered their injuries well within the statutory period. We do not believe

the legislature intended such a result when it enacted the Medical Liability Act. *Id.* at 294. After examining Texas case law, we held that whether a plaintiff knew (or should have known) that she had a cause of action depended on when the plaintiff acquired knowledge of (1) the injury, (2) its cause, and (3) the identity of the potentially culpable party. *Id.* at 294. Because the *Adkins* appellants were aware of the facts that gave rise to their cause of action seventeen to eighteen months before the statute of limitations ran, we concluded that the article 4590i statute of limitations was not unconstitutional as applied to them and affirmed the trial court's judgment. *Id.* at 295–96.

In this case, although the Voegtlins testified that they did not consider *bringing* a cause of action until after the statutory period ran, this is not competent summary judgment evidence to raise a fact issue regarding whether they had a *reasonable opportunity* to discover the injury for purposes of an open courts challenge. Perryman's summary judgment evidence conclusively established that in mid–1993, the Voegtlins *knew of the facts* giving rise to their cause of action and *should have known* that they had a cause of action.

Specifically, in May 1993, the Voegtlins had knowledge of Linda's injury (advanced breast cancer), its cause (no earlier biopsy of the lump to diagnosis the cancer), and the identity of the potentially culpable party (the person who had not ordered a biopsy—Perryman). The Voegtlins' deposition testimony established that the three doctors who treated Linda's breast cancer told them that (1) the lump should have been biopsied sooner and (2) the lump was most likely cancerous in 1987 when Linda first consulted Perryman about it. In addition, David testified that in September 1993, when he met with Risk Management at Huguley Hospital, he believed that Perryman had acted wrongly in not taking more aggressive actions to determine the nature of the lump. Nevertheless, the Voegtlins contend on appeal that cases of misdiagnosis are more difficult to prove than other medical malpractice cases and consequently require more extensive investigation and preparation before a lawsuit may be filed. Based on this assertion, they conclude that, notwithstanding the summary judgment evidence, they did not have a reasonable opportunity to bring suit within the statutory period.

Despite the Voegtlins' contentions, we find that the statute of limitations is not unconstitutional as applied to them. Based on the uncontroverted summary judgment evidence, it is clear that the Voegtlins knew of the injury and the facts giving rise to their cause of action in June 1993. At that time, they had until March 12, 1994—nine months—to file suit within the statutory period. Furthermore, no issue of material fact exists as to whether the Voegtlins discovered or could have discovered the injury and brought suit within the statutory period. Additionally, the Voegtlins offered no competent summary judgment evidence in support of their contention that misdiagnosis cases require more extensive preparation than other medical malpractice lawsuits. Finally, we note that even if nine months was not a reasonable amount of time to file their lawsuit, the Voegtlins' cause of action would still be barred. They waited more than nineteen months after learning of the injury and almost one year after the limitations period had expired to file suit. Accordingly, we hold that, as a matter of law, they failed to file suit within a reasonable time after discovering the injury and thus are not entitled to relief under the open courts provision. *See Fiore,* 915 S.W.2d at 238 (holding that suit was untimely, as a matter of law, where plaintiffs waited more than one year after learning of misdiagnosis to sue). For these reasons, we overrule the Voegtlins' second, third, and fourth points.

## CONCLUSION

In this case, the statute of limitations began to run on March 13, 1992, the last day on which Perryman could have acted negligently by failing to detect Linda's breast cancer. Because the Voegtlins did not file suit until January 31, 1995, more than ten months after the statutory period expired, their suit was untimely. Moreover, the open courts provision of the Texas Constitution does not apply to the Voegtlins' claims because they

had a reasonable opportunity to discover Linda's injury and bring suit within the statutory period, and, further, because their suit was not filed within a reasonable period of time after discovering the injury. As a result, we hold that article 4590i is not unconstitutional as applied to the Voegtlins. We overrule the Voegtlins' four points on appeal and affirm the judgment of the trial court.