Brent ERICKSON and Traci Erickson, Individually and as Next Friend of Caitlin Marie Erickson, a Minor, Appellants,

v.

Josefine HEIM–HALL, M.D. and Victor Saldivar, M.D., Appellees.

No. 04–04–00895–CV.

Court of Appeals of Texas, San Antonio.

July 13, 2005.

David M. O'Dell, M.D., J.D., Law Office of David M. O'Dell, M.D., J.D., Dallas, for appellants.

Edward C. Mainz, Robert R. Biechlin, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, Paul A. Gaytan, Steven M. Gonzalez & Associates, P.C., Corpus Christi, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

**OPINION**

Opinion by ALMA L. LÓPEZ, Chief Justice.

Brent Erickson and Traci Erickson sued Josefine Heim–Hall, M.D. and Victor Saldivar, M.D. for medical malpractice arising from their alleged misdiagnosis of pathology slides made from biopsies taken from the Ericksons' infant daughter, Caitlin Marie Erickson. The Ericksons appeal the trial court's order granting a partial summary judgment as to their claims based on limitations. The Ericksons contend that they raised a genuine issue of material fact as to: (1) whether they had a reasonable opportunity to discover the alleged misdiagnosis during the applicable two-year limitations period; and (2) whether the application of the limitations period violated the open courts provision of the Texas Constitution. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion. *See* Tex.R.App. P. 47.4.

■ After examining one set of pathology slides in January of 1997 and a second set in February of 1997, Heim–Hall and Saldivar diagnosed Caitlin as having Hirschsprung disease. Assuming, without deciding, that the Ericksons did not have a reasonable opportunity to discover the misdiagnosis until another doctor had the January 1997 slide re-examined in October 2001, the open courts doctrine would apply. *See Shah v. Moss,* 67 S.W.3d 836, 846 (Tex.2001) (noting open courts guarantee applies to medical malpractice common-law claim if plaintiff did not have a reasonable opportunity to discover the alleged wrong before the limitations period expired). Nevertheless, the Ericksons may not obtain relief under the open courts provision unless they used due diligence and sued within a reasonable time after learning about the alleged wrong. *Id.* at 847–88. Whether a plaintiff has used the degree of diligence required is ordinarily a question of fact; however, it may be determined as a matter of law when the evidence, construed most favorably for the claimant, admits no other conclusion. *Pech v. Estate of Tavarez,* 112 S.W.3d 282, 286 (Tex. App.-Corpus Christi 2003, no pet.); *DeRuy v. Garza,* 995 S.W.2d 748, 752 (Tex.App.-San Antonio 1999, no pet.).

■ Although counsel was retained in November of 2001, no lawsuit was filed until December of 2002. Moreover, that lawsuit was non-suited in March of 2003,

and the underlying lawsuit was not filed until May of 2003. Although the Ericksons' attorney, David O'Dell, states in his affidavit that he made efforts to locate the pathology slides and was in contact with the attorney for the University of Texas Health System, the only correspondence attached to the Ericksons' summary judgment response relating to the pathology slides is a letter dated May of 2002 in which O'Dell requested the January 1997 pathology slide from Christus Santa Rosa. In July of 2002, Christus Santa Rosa faxed O'Dell a note stating that it did not have access to the slides. Although O'Dell believed he had an agreement with the University's attorney to abate formal action until the pathology slides were reviewed, the agreement does not excuse the Ericksons from exercising due diligence in filing their lawsuit. A defendants' refusal to provide medical records may support a reasonable delay in filing a lawsuit; however, under the open courts doctrine, an attorney's internal operating procedures and professional decision not to file suit until after an expert opinion is obtained to support the asserted claim is not a reasonable explanation for an extended delay. *Compare Gagnier v. Wichelhaus*, 17 S.W.3d 739, 745 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) *with LaGesse v. PrimaCare, Inc.*, 899 S.W.2d 43, 44–45, 47 (Tex.App.-Eastland 1995, writ denied); *see also Neville v. Molina*, No. 14–00–00082–CV, 2001 WL 619526, at *5 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (open courts does not extend limitations indefinitely until plaintiff knows of doctor's negligence with certainty) (not designated for publication); *Rubalcaba v. Kaestner*, 981 S.W.2d 369, 377 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (noting limitations could not be avoided indefinitely where attorney could file suit and invoke power of court to avail himself of various remedies to obtain medical records and

legislature must determine nature of penalties to impose when records are withheld preventing plaintiff from meeting expert report deadline). We hold that the nineteen month delay between the October 2001 discovery of the misdiagnosis and the filing of the underlying lawsuit in May of 2003 was unreasonable as a matter of law. *See*, e.g., *Shah*, 67 S.W.3d at 847 (holding seventeen month delay unreasonable as a matter of law); *LaGesse*, 899 S.W.2d at 47 (holding twelve month delay excessive as a matter of law where only reasons given were attorney delay); *Work v. Duval*, 809 S.W.2d 351, 353–54 (Tex.App.-Houston [14th Dist.] 1991, no writ) (holding twenty-one month delay unreasonable as a matter of law).

The trial court's judgment is affirmed.