

# NUMBER 13-09-00425-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MARY MOROLES,** **Appellant,**

**v.**

**DOCTOR'S HOSPITAL AT RENAISSANCE, LTD.,** **Appellee.**

**On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Garza

Appellant, Mary Moroles, appeals from a summary judgment granted in favor of appellee, Doctor's Hospital at Renaissance, Ltd. ("Doctor's Hospital"). In granting Doctor's Hospital's summary judgment motion, the trial court concluded that Moroles failed to file her lawsuit within the two-year statute of limitations prescribed by chapter 74 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2005). By two issues, Moroles argues that the trial court erred in granting the summary judgment motion and denying her motion for reconsideration because: (1) a fact question exists as to the date triggering the statute of limitations period, and therefore, summary judgment is precluded; and (2) the open courts provision of the Texas Constitution permits

her lawsuit. *See* TEX. CONST. art. I, § 13. We affirm.

## I. BACKGROUND

Moroles's underlying claims arise from an incident where she slipped and fell on a grape in an H.E. Butt Grocery Company ("H.E.B.") store, which caused her kneecap to shatter in five places. Moroles was treated by Francis M. Sweeney, M.D. at Doctor's Hospital. Dr. Sweeney first operated on Moroles's knee on July 8, 2004. In order to reunite the broken bones in Moroles's kneecap, Dr. Sweeney inserted several pins in the kneecap. However, Moroles's kneecap did not heal, and a second surgery was performed on September 1, 2005. During the second surgery, some of the pins were removed from Moroles's kneecap. Dr. Sweeney ordered that the removed pins be cultured because it was suspected that Moroles's knee failed to heal because of a fungal infection inside the surgical wound. The cultures were completed on September 13, 2005, and the results revealed that the removed pins were covered with *Aspergillus flavus*, a fungus.[1] Moroles was subsequently referred to an infectious disease specialist for further treatment.

On August 17, 2007, Moroles filed her first amended petition asserting premises liability claims against H.E.B. and health care liability claims against Dr. Sweeney and Doctor's Hospital.[2] In response, Doctor's Hospital filed an answer, traditional and no-evidence motions for summary judgment, and a motion to dismiss. In particular, Doctor's Hospital's traditional summary judgment motion argued that Moroles failed to timely file her health care liability claims against Doctor's Hospital. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). Specifically, Doctor's Hospital contended that: (1) Moroles failed to comply with the two-year statute of limitations period governing health care liability claims by filing suit more than three years after the triggering event—the alleged infection

---

[1] On appeal, Moroles asserts that "[t]he species of mold cultured from inside her knee is one that is associated with soil, decaying vegetation, and water-damaged materials, not a human infection." *Aspergillus flavus*, a fungus, "is a plant, animal, and human pathogen that produces the carcinogen, aflatoxin." Aspergillus flavus.org: Aspergillus flavus and aflatoxin, http://www.aspergillusflavus.org/index.html (last visited Jan. 7, 2010). Aflatoxins "are toxic and carcinogenic metabolites" that may cause "acute hepatitis, immunosuppression, and heptocellular carcinoma." *Id.*

[2] H.E.B. and Dr. Sweeney are not parties to this appeal.

occurring during the July 8, 2004 surgery, *see id.*; and (2) the open courts provision of the Texas Constitution did not toll the statute of limitations in this case because Moroles discovered the infection within two years of the triggering event (ten months prior to the expiration of the limitations period) and because Moroles waited more than twenty-three months from the alleged discovery of the infection to file suit. *See* TEX. CONST. art. 1, § 13.

Moroles responded by arguing that the two-year statute of limitations began to run at the time she discovered the infection—September 14, 2005. She further argued that Doctor's Hospital cannot hold her, a layperson without medical training, to a higher standard than doctors in discovering hidden damage and loss. Moroles contended that, because the two-year statute of limitations began to run on September 14, 2005, her suit against Doctor's Hospital on August 17, 2007, filed less than two years after allegedly discovering the infection, was timely. Moroles supported her arguments with citations to case law interpreting the open courts provision of the Texas Constitution. *See Kallam v. Boyd*, 232 S.W.3d 774, 775-76 (Tex. 2007) (per curiam); *see also Nelson v. Krusen*, 678 S.W.2d 918, 920-24 (Tex. 1984); *Walters v. Cleveland Reg'l Med. Ctr.*, 264 S.W.3d 154, 157-59 (Tex. App.–Houston [1st Dist.] 2007, pet. granted).

The trial court granted Doctor's Hospital's traditional summary judgment motion on May 19, 2008, noting that "Defendant's First Amended Motion for Summary Judgment is granted for the Plaintiff's failure to file her lawsuit against the Defendant within the two (2) year statute of limitations . . . ." Shortly thereafter, Moroles filed a motion to reconsider the trial court's granting of Doctor's Hospital's summary judgment motion. In this motion, Moroles reasserted the arguments made in her response to Doctor's Hospital's summary judgment motion and further argued that the open courts provision of the Texas Constitution tolled the limitations period because her injury was not discoverable when the July 8, 2004 surgery was conducted and, by using the July 8, 2004 surgery date for limitations purposes, the trial court endorsed "a remedy by due course of law contingent on an impossibility" (i.e., concluding that she should have filed suit before the infection was

3

discovered). *See id.* After a hearing, the trial court denied Moroles's motion to reconsider on June 3, 2009. After a severance order was entered, this appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A.    Motion to Reconsider

The standard of review for a motion to reconsider a prior summary judgment is whether the trial court abused its discretion. *See Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.–Houston [1st Dist.] 2009, no pet.); *see also Shanley v. First Horizon Home Loan Corp.*, Nos. 14-07-01023-CV, 14-08-00060-CV, 2009 Tex. App. LEXIS 9301, at *6 (Tex. App.–Houston [14th Dist.] Dec. 8, 2009, no pet h.) (mem. op.). A trial judge abuses his discretion only when he makes a decision that is unreasonable or arbitrary, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### B.    Summary Judgment for Defendant Based on Limitations

We review a trial court's granting of a traditional motion for summary judgment under a de novo standard of review. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *see also Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.). To prevail on a summary judgment motion, a moving party must establish that no genuine issue of material fact exists and judgment should be granted as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). In deciding whether there is a genuine issue of material fact, we resolve any doubt against the movant, view the evidence in a light most favorable to the non-movant, and take as true evidence favorable to the non-movant. *Id.*; *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)).

The statute of limitations is an affirmative defense. *See* TEX. R. CIV. P. 94; *see also Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). A defendant moving for summary judgment on a statute of limitations affirmative defense must conclusively

4

prove the elements of the defense. *Shah*, 67 S.W.3d at 842; *see Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 n.10 (Tex. 2005) ("[A] defendant moving for summary judgment on an affirmative defense must prove each element of its defense as a matter of law, leaving no issues of material fact."). Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of her injury. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see Montes v. Villarreal*, 281 S.W.3d 552, 555 (Tex. App.–El Paso 2008, pet. filed). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment evidence raising a fact issue in avoidance of the statute of limitations. *See KPMG Peat Marwick*, 988 S.W.2d at 748; *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (holding that when a movant establishes a right to summary judgment, the burden shifts to the non-movant to raise a fact issue precluding judgment); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975).

## C.    The Law in Question

Section 74.251(a) of the civil practice and remedies code provides as follows:

> [N]o health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a).

### III. ANALYSIS

## A.    The Date Triggering the Running of the Statute of Limitations

By her first issue, Moroles argues that summary judgment is precluded because there is a fact question regarding the date triggering the limitations period. Specifically,

5

Moroles contends that: (1) the infection was not ascertainable until she received the results of the fungal culture on September 14, 2005; (2) she received ongoing treatment, which tolled the limitations period; and (3) the discovery rule tolled the limitations period because the infection was undiscoverable until September 14, 2005. Doctor's Hospital asserts that: (1) Moroles was required to file suit within two years from the ascertainable date of the alleged negligence, July 8, 2004; and (2) neither section 74.251(a) of the civil practice and remedies code nor Texas case law have provided that the two-year limitations period may be tolled. *See id*.

### 1. The Governing Limitations Period

The two-year limitations period imposed by section 74.251 of the civil practice and remedies code is measured from one of three dates: (1) the occurrence of the breach or tort; (2) the date that the relevant course of treatment was completed; or (3) the last date of the relevant hospitalization. *Id.*; *see Shah*, 67 S.W.3d at 842-43; *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex. 1987). A medical malpractice claimant may not choose from among the measurement that most favors her case. *Shah*, 67 S.W.3d at 841. If the date of the breach or tort is ascertainable, limitations began to run on that date, and inquiries into the second and third categories are not necessary. *See Shah*, 67 S.W.3d at 841 (citing *Earle v. Ratliff*, 998 S.W.2d 882, 886 (Tex. 1999)).

### 2. Whether the Date of the Alleged Negligence is Ascertainable

First, we must determine whether the date of the alleged negligence is ascertainable. *See Shah*, 67 S.W.3d at 841; *see also Winston v. Peterek*, 132 S.W.3d 204, 207 (Tex. App.–Houston [14th Dist.] 2004, pet. denied). If the defendant committed the alleged tort on an ascertainable date, whether the plaintiff established a course of treatment is immaterial because limitations begins to run on the ascertainable date. *See Husain v. Khatib*, 964 S.W.2d 918, 919 (Tex. 1998); see also *Shah*, 67 S.W.3d at 841. If the date the health care provider's alleged negligence took place can be ascertained, then there are no doubts to resolve, and we must measure limitations from that date. *Husain*, 964 S.W.2d at 919.

6

Moroles contends that the precise date of the alleged negligence is not ascertainable. We disagree. Here, the date of Dr. Sweeney's and, in turn, Doctor's Hospital's alleged negligence is readily ascertainable. Dr. Sweeney operated on Moroles's knee on July 8, 2004. During this surgery, pins were inserted in Moroles's knee. Later, on September 14, 2005, lab tests revealed that the pins inserted in Moroles's knee were covered with fungi, and Moroles filed suit against Doctor's Hospital on August 17, 2007. Moroles offered deposition testimony that it was her belief that she acquired the infection during the July 8, 2004 surgery because her knee never fused after the surgery as a result of the infection.[3]

Because the date in which the alleged negligence occurred is ascertainable, and because Moroles did not file suit until more than three years after that date, Moroles's negligence claim is barred. *See Chambers v. Conaway*, 883 S.W.2d 156, 159 (Tex. 1993) (holding that when a claim accrues is a question of law, not one of fact); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (noting that, for purposes of the application of limitations statutes, a cause of action generally accrues when the wrongful act effects an injury, regardless of when the plaintiff learned of the injury); *Mills v. Pate*, 225 S.W.3d 277, 285 (Tex. App.–El Paso 2006, no pet.); *see also Rodriguez v. Mem'l Med. Ctr.*, No. 13-06-162-CV, 2007 Tex. App. LEXIS 9159, at *7 (Tex. App.–Corpus Christi Nov. 20, 2007, no pet.) (mem. op.) (concluding that the date of the surgery when a sponge was left in plaintiff's body was ascertainable, and appellant's suit was time-barred because it was filed approximately twenty-seven months after the surgery); *Streich v. Pallares*, No. 13-02-698-CV, 2005 Tex. App. LEXIS 5224, at **5-6 (Tex. App.–Corpus Christi July 7, 2005, no pet.) (mem. op.) (holding that appellant's medical liability claim was time-barred even though appellant was unaware of the alleged malpractice until two months after it occurred

[3] In her deposition testimony, Moroles testified that, except for her trial attorney, no one else had informed her that she acquired the fungal infection from the July 8, 2004 procedure conducted at Doctor's Hospital. However, this testimony is belied by her own pleadings and the affidavit of William R. Martin, M.D., which was attached to her response to one of Doctor's Hospital's motions for summary judgment. In his affidavit, Dr. Martin accuses Sweeney and Doctor's Hospital of negligence in failing to maintain a sterile surgical field for the July 8, 2004 surgery and that the cause of Moroles's aspergillus infection was the July 8, 2004 surgery.

and did not file suit until more than twenty-eights months after the alleged malpractice).[4]

Based on the foregoing, we conclude that Doctor's Hospital conclusively established that the statute of limitations bars Moroles's action and is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *see also KPMG Peat Marwick*, 988 S.W.2d at 748.

## B. The Open Courts Provision of the Texas Constitution

In her second issue, Moroles argues that the open courts provision of the Texas Constitution tolls the limitations period in a health care liability claim so long as a claimant exercises due diligence in bringing suit within a reasonable time after discovering her claim. Moroles again argues that she has received ongoing treatment regarding the knee injury from doctors at Doctor's Hospital; therefore, the date of the original surgery is not conclusive for purposes of calculating the limitations period. Doctor's Hospital contends that the open courts provision does not toll the limitations period if a claimant discovers the injury within the applicable two-year limitations period. Doctor's Hospital also asserts that Moroles did not exercise due diligence in bringing suit within a reasonable time after discovering the infection.

### 1. Applicable Law

The Texas Constitution guarantees that persons bringing common-law claims will not unreasonably or arbitrarily be denied access to the courts. Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person

---

[4] Moroles's argument that she received ongoing treatment which tolled the limitations period is immaterial because the exact date of the alleged tort is ascertainable. *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001); *see also Earle v. Ratliff*, 998 S.W.2d 882, 886 (Tex. 1999).

Further, with respect to Moroles's argument that the discovery rule applies, she does not cite any authority that specifically holds that the rule applies in a situation such as this, nor does she show why *Morrison v. Chan* is not controlling precedent. *See* 699 S.W.2d 205, 208 (Tex. 1985) ("We hold that the Legislature's intent in passing Art. 4590i, § 10.01 [the predecessor to section 74.251 of the civil practice and remedies code], was to abolish the discovery rule in cases governed by the Medical Liability Act."). We conclude that Moroles's discovery rule argument has been waived due to inadequate briefing. *See* Tex. R. App. P. 38.1(i). We note also that Moroles did not raise the discovery rule argument in her response to Doctor's Hospital's traditional motion for summary judgment. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *see also Teter v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 798-99 (Tex. App.–Dallas 2008, no pet.) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979)). While Moroles did argue in her motion for reconsideration that the "open courts requires the discovery rule," we interpret this contention to pertain to the open courts provision of the Texas Constitution, which we discuss below.

or reputation, shall have remedy by due course of law."); *see Shah*, 67 S.W.3d at 841 (citing *Earle*, 998 S.W.2d at 889; *Jennings*, 917 S.W.2d at 793). The *Shah* court noted that "a statute that unreasonably or arbitrarily abridges a person's right to obtain redress for injuries another person's harmful act causes is an unconstitutional due-course-of-law violation." *Shah*, 67 S.W.3d at 842 (citing *Earle*, 998 S.W.2d at 889; *Jennings*, 917 S.W.2d at 793). Thus, the open courts provision of the Texas Constitution protects a person from legislative acts that truncate a person's right to sue before there is a reasonable opportunity to discover the wrong and subsequently bring suit. *Id.* (citing *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex. 1985)). Moreover, "the Legislature cannot abrogate the right to bring a well-established common-law claim without showing that the statute's objectives and purposes outweigh denying the constitutionally guaranteed right of redress." *Id.* (citing *Weiner v. Wasson*, 900 S.W.2d 316, 318 (Tex. 1995); *Sax v. Votteler*, 648 S.W.2d 661, 665-66 (Tex. 1983)).

However, unlike the discovery rule, which a defendant must negate once the plaintiff has pleaded it, a plaintiff asserting that the open courts provision defeats limitations bears the burden of raising a fact issue. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007) (citing *Brown v. Shores*, 77 S.W.3d 884, 888-89 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (Brister, C.J., concurring)). The *Yancy* court stated the following with respect to the open courts provision and the tolling of the limitations period:

> Instead, Yancy's claim is based on the open courts guarantee, which is premised on the notion that "the Legislature has no power to make a remedy by due course of law contingent on an impossible condition." *Morrison v. Chan*, 699 S.W.2d 205, 207 (Tex. 1985). This guarantee differs from tolling provisions. Unlike the discovery rule, which defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the claim, *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1997), the open courts provision merely gives litigants a reasonable time to discover their injuries and file suit, *Hall v. Dow Corning Co.*, 114 F.3d 73, 77 (5th Cir. 1997) (applying Texas law). *Because the open courts guarantee does not toll limitations, courts must determine what constitutes a reasonable time for a claimant to discover her injuries and file suit. Hall*, 114 F.3d at 77.

236 S.W.3d at 784 (concluding that a plaintiff's health care liability claims were time-barred when she found out about her condition on May 3, 2000, and retained a lawyer—on or

about December 10, 2001—well within the limitations period, yet did not file suit against the relevant health care provider until September 2, 2003) (emphasis added). If the plaintiff fails to bring the claim within a reasonable time, then there will be no violation of the open courts provision. *Id.* at 785. This rule is in place to prevent claims from existing indefinitely. *See Rankin v. Methodist Healthcare Sys. of San Antonio, Ltd.*, 261 S.W.3d 93, 103 (Tex. App.–San Antonio 2008, pet. granted).

### 2. Discussion

"To establish a right to redress under the open courts provision, a litigant must show (1) that [s]he has a cognizable common-law cause of action, and (2) that restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose." *Diaz*, 941 S.W.2d at 100. Once the plaintiff establishes a prima facie violation, she must show she used due diligence in bringing the suit within a reasonable time after learning about the alleged wrong. *See Pech v. Estate of Tavarez*, 112 S.W.3d 282, 285 (Tex. App.–Corpus Christi 2003, no pet.) (citing *Shah*, 67 S.W.3d at 847; *Nelson*, 678 S.W.2d at 921-22; *DeRuy v. Garza*, 995 S.W.2d 748, 752 (Tex. App.–San Antonio 1999, no pet.)); *see also Shah*, 67 S.W.3d at 847 ("A plaintiff may not obtain relief under the open courts provision if he does not use due diligence and sue within a reasonable time after learning about the alleged wrong."). "The reasonable time is given in order to allow a claimant to investigate, prepare[,] and file suit after discovering her injury." *Pech*, 112 S.W.3d at 285-86 (citing *Gagnier v. Wichelhaus*, 17 S.W.3d 739, 745 (Tex. App.–Houston [1st Dist.] 2000, pet. denied); *DeRuy*, 995 S.W.2d at 752).

There is no clear authority as to what a "reasonable time" is within which to file a health care liability claim after discovering an injury, especially when the suit is filed outside the limitations period. *See Gagnier*, 17 S.W.3d at 745. "Whether a plaintiff has used the degree of diligence required is ordinarily a question of fact to be determined by the trier of fact; however, it may be 'determined as a matter of law when the evidence construed most favorably for the claimant, admits no other conclusion.'" *Pech*, 112 S.W.3d at 286 (quoting *Neagle*, 685 S.W.2d at 14 (Kilgarlin, J., concurring) and citing *DeRuy*, 995 S.W.2d at 752-

10

53). Several Texas courts have addressed this precise issue, yet no court has definitively determined how much elapsed time constitutes a "reasonable time." *Compare Gagnier*, 17 S.W.3d at 745 (holding that a ten month delay in filing suit was not per se unreasonable when defendants delayed in providing plaintiff with medical records and plaintiff was recovering, consulting with an attorney, and investigating her claim), *and DeRuy*, 995 S.W.2d at 753 (holding that approximately a one-year delay in filing suit was not per se unreasonable when plaintiff was recuperating for three months, consulted an attorney six months later, and filed suit three months later), *with Shah*, 67 S.W.3d at 847 (holding a seventeen-month delay in filing suit was unreasonable as a matter of law when plaintiff offered no explanation for the delay), *and Hall*, 114 F.3d at 77 (applying Texas law to find a fifteen-month delay in bringing suit unreasonable under the open courts provision), *and Erickson v. Heim-Hall*, 172 S.W.3d 664, 666 (Tex. App.–San Antonio 2005, no pet.) ("We hold that the nineteen[-]month delay between the October 2001 discovery of the misdiagnosis and the filing of the underlying lawsuit in May of 2003 was unreasonable as a matter of law."), *and Pech*, 112 S.W.3d at 287 (concluding that a fourteen-month delay in filing suit after discovery of the injury was unreasonable), *and Voegtlin v. Perryman*, 977 S.W.2d 806, 813 (Tex. App.–Fort Worth 1998, no pet.) (concluding that a delay of more than one year was unreasonable when plaintiff offered no explanation for the delay), *and Fiore v. HCA Health Servs. of Tex., Inc.*, 915 S.W.2d 233, 237 (Tex. App.–Fort Worth 1996, writ denied) (holding that a thirteen-month delay in bringing suit was excessive as a matter of law when plaintiff offered no explanation for the delay), *and LaGesse v. PrimaCare, Inc.*, 899 S.W.2d 43, 47 (Tex. App.–Eastland 1995, writ denied) (concluding that a twelve-month delay was excessive as a matter of law where the only reasons for the delay were the result of the trial attorney's actions), *and Work v. Duval*, 809 S.W.2d 351, 353-54 (Tex. App.–Houston [14th Dist.] 1991, no writ) (holding that an injury discovered four months prior to the expiration of the two-year limitations period irrelevant because plaintiff unreasonably delayed in filing suit for twenty-one months following the discovery of the injury).

11

In the present case, Dr. Sweeney first operated on Moroles's knee at Doctor's Hospital on July 8, 2004, which we concluded earlier was the date of the alleged tortious conduct from which the limitations period outlined by section 74.251(a) began to run. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). Thus, under the applicable limitations period, Moroles should have filed suit by July 10, 2006.[5] Moroles alleged to have first discovered the fungal infection on September 14, 2005, which was within the governing limitations period. However, she did not file suit until August 17, 2007, more than thirteen months after the limitations period expired and more than twenty-three months after she alleged to have discovered the infection. Assuming, arguendo, that Moroles indeed first discovered the infection on September 14, 2005, she had approximately ten months to file suit before the limitations period expired on July 10, 2006. The record does not contain an explanation from Moroles as to the delay in filing suit. On appeal, she argues that she delayed filing suit because she was receiving ongoing treatment for the infection. However, this precise explanation was not made to the trial court. *See* TEX. R. APP. P. 33.1(a).

We do not find Moroles's delay in bringing suit to be reasonable. *See Shah*, 67 S.W.3d at 847; *Hall*, 114 F.3d at 77; *Erickson*, 172 S.W.3d at 666; *Pech*, 112 S.W.3d at 287; *Voegtlin*, 977 S.W.2d at 813; *Fiore*, 915 S.W.2d at 237; *LaGesse*, 899 S.W.2d at 47; *Work*, 809 S.W.2d at 353-54. We therefore conclude that Moroles did not meet her burden in raising a fact issue that the open courts provision defeats the governing limitations statute; thus, the open courts provision does not save Moroles's claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *see also Yancy*, 236 S.W.3d 778, 782; *Pech*, 112 S.W.3d at 287-88.

Because we have held that Doctor's Hospital was entitled to summary judgment on limitations and the open courts provision of the Texas Constitution did not save Moroles's

---

[5] July 8, 2006, two years from the date of the July 8, 2004 surgery, fell on a Saturday; therefore, Moroles had until the following Monday, July 10, 2006, in which to file suit. *See* TEX. R. CIV. P. 4 ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.").

12

claims, we conclude that the trial court correctly granted summary judgment and did not abuse its discretion is denying Moroles's motion for reconsideration. *See Downer*, 701 S.W.2d at 241-42; *Macy*, 294 S.W.3d at 651; *see also Shanley*, 2009 Tex. App. LEXIS 9301, at *6. Accordingly, we overrule both of Moroles's issues on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
18th day of February, 2010.